JOHN CHAMBERLIN v. ABIGAIL BARCLAY and AMOS SHAW, surviving
executors, &c. of GEORGE BARCLAY.

A writ of certiorari cannot by our statute be allowed or issued on any judgment, &c.
unless the same be issued in eighteen months after the entering or obtaining the
same. And it may well be doubted, whether the act is not so imperative, that it
must be submitted to, even in case of fraud.

The plaintiff had obtained a judgment against the defendants:
in the court for the trial of small causes, and *Hamilton*, on the
part of the defendants had obtained a rule to shew cause, why
a certiorari should not issue, and also leave to take affidavits in
support of the rule. The facts disclosed by the affidavits, suf-
ficiently appear in the opinion of the court delivered by Justice
Drake.

DRAKE, J. An application was made to this court, for a.
writ of certiorari, to remove a judgment obtained by John
Chamberlin, against Abigail Barclay and Amos Shaw, exec-
utors, &c. of George Barclay, dec. The judgment was ren-
dered in a court for the trial of small causes, more than eighteen
months before the application. The writ is sued for, notwith-
standing the lapse of time, on the ground, that the defendants
below were wholly ignorant, until lately, of the fact of there
having been any judgment rendered, and that that fact was
fraudulently concealed from them.

By the act of the legislature, (*Rev. Laws*, 692) it is enacted
"that no writ of certiorari shall be allowed or issued on any judg-
ment," &c. "unless the same be issued in eighteen months after
the entering or obtaining the same."

It may well be doubted whether this act is not so imperative:
that it must be submitted to, even in case of fraud. See 20 *John.*
*Rep.* 47 ;—where the cases on this subject are fully considered.
But even if *a court of law* has power to interfere, this is not such
a case as will warrant it. It appears that, after the service of
the summons, the defendants employed an agent to procure an
adjournment, and were by him led into the belief, that the cause
had been adjourned, and was afterwards abandoned. The evi-
dence is decisive that they were deceived by their agent. But
there is a deficiency in the proof adduced to connect the plain-
tiff below with the fraud. There is some reason to suspect it,.

from the fact that he employed the same individual to act for him in some subsequent proceedings to collect the money. The affidavit of that individual is before us, and it contains no suggestion that the plaintiff below knew of the fraud. He acknowledges that he was then acting as agent for the defendants; and gives as his reasons for the course he pursued—that he knew that the debt sued for was an honest one, that it was for money borrowed by the deceased just before his death—that the money, or part of it, was in the house when he died, and that he left property sufficient to pay ; which the defendants shewed a disposition to carry off, and leave the debt to fall upon an innocent surety. Upon the whole, the fraud is not well established so as to affect the plaintiff, or induce this court to assume an authority at least doubtful, in awarding this writ.—The application is refused.